NANCY J. STEPHENSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stephenson v. Commissioner
Docket No. 23122-92
United States Tax Court
T.C. Memo 1995-33; 1995 Tax Ct. Memo LEXIS 34; 69 T.C.M. (CCH) 1738; January 25, 1995, Filed *34 Decision will be entered under Rule 155. For petitioner: Jennifer Miller Moss. For respondent: Robert E. Cudlip. RUWE
RUWE
MEMORANDUM FINDINGS OF FACT AND OPINION RUWE, Judge: Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6654
1985
$ 16,943
$ 3,848
$   847
[1]
$   860
Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653
Sec. 6653
Sec. 6654
(a)(1)(A)
(a)(1)(B)
1986
$ 34,142
$ 8,411
$ 1,707
[1]
$ 1,621
1987
9,206
2,052
460
[1]
401
Addition to Tax
Year
Deficiency
Sec. 6653(a)(1)
1988
$ 1,841
$ 92
After concessions, the sole issue for decision is whether petitioner is liable for the addition to tax pursuant to section 6654 [1] for failure to pay sufficient estimated income tax for the taxable year 1987. *35 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The "Stipulation of Partial Settlement and Stipulation of the Remaining Issue", "Supplement to Stipulation of Partial Settlement and Stipulation of the Remaining Issue", and attached exhibits are incorporated herein by this reference. Petitioner resided in El Macero, California, at the time the petition was filed. Petitioner filed her 1982 Federal income tax return on September 19, 1986. On October 27, 1986, respondent assessed petitioner's 1982 income tax liability, including additions to tax, in the amount of $ 3,816.94. For the taxable year 1982, petitioner made no estimated tax payments and had no income withholding credits. Petitioner did, however, pay $ 8,466.84 toward her 1982 Federal income taxes when she filed her Form 4868 (Application for Automatic Extension of Time to File U.S. Individual Income Tax Return). Respondent determined that petitioner was due interest of $ 8.20 for 1982. This resulted in a $ 4,658.10 overpayment, which was treated as follows: $ 1,830.29 was carried forward and credited to petitioner's 1983 taxable year, and $ 2,827.81 was refunded to petitioner by check number *36 07261548, dated October 24, 1986, and made payable to her husband, Robert K. Stephenson. This check was cashed. Petitioner filed her 1983 Federal income tax return on September 19, 1986. On October 27, 1986, respondent assessed petitioner's 1983 income tax liability, including additions to tax, in the amount of $ 3,325.49. Petitioner made no estimated tax payments and had no income withholding credits for the taxable year 1983. Petitioner paid $ 1,500 toward her 1983 Federal income taxes when she filed her Form 4868. In addition, respondent credited $ 1,830.29, from overpayments made in 1982, to petitioner's 1983 income tax liability. This resulted in a $ 4.80 overpayment, which was refunded to petitioner by check number 07261549, dated October 24, 1986, and made payable to her husband. This check was cashed. Petitioner also filed her 1984 Federal income tax return on September 19, 1986. Petitioner's 1984 income tax liability, as reported on her return, and as determined by respondent, was zero. On her 1984 Federal income tax return, petitioner claimed payments totaling $ 9,722.24, which included, on line 57, "Federal income tax withheld" of $ 3,000 and, on line 58, "1984 *37 estimated tax payments and amount applied from 1983 return" of $ 6,346.24. For the taxable year 1984, petitioner had income withholding credits of $ 3,000 and refundable overwithheld windfall profit tax payments of $ 376. This resulted in a $ 3,376 overpayment, which was refunded to petitioner by check number 07261550, dated October 24, 1986, and made payable to her husband. This check was also cashed. Petitioner did not file her 1985 Federal income tax return prior to the issuance of the notice of deficiency on July 7, 1992. However, petitioner's tax liability for 1985 was zero. Although petitioner had a withholding credit of $ 3,100 for the taxable year 1985, the parties stipulated that any refund of this amount was barred, because petitioner failed to file a claim for refund within the time prescribed by section 6511(a). Petitioner failed to file her 1986 Federal income tax return prior to the issuance of the notice of deficiency on July 7, 1992. Petitioner's tax liability for 1986 was $ 5,945. Petitioner had a withholding credit of $ 1,000 but made no other payments toward her 1986 tax liability. Petitioner also failed to file her 1987 Federal income tax return prior *38 to the issuance of the notice of deficiency on July 7, 1992. Petitioner's tax liability for 1987 was $ 21,324, after an allowance for a net operating loss carryback. Petitioner had an income tax withholding credit of $ 2,000 and a credit for a $ 5,000 payment she submitted with her Form 4868. The tax liabilities listed above for the taxable years 1985 through 1987 are joint liabilities of petitioner and Robert K. Stephenson, whose related case is before us at docket No. 23121-92. OPINION Section 6654 generally provides an addition to tax in the case of any underpayment of estimated tax by an individual. The estimated tax is calculated as the amount of income tax, less any tax credits, other than the credit for tax withheld under section 31. Sec. 6654(f). The credit for tax withheld is treated as a payment of estimated tax. Sec. 6654(g)(1). Section 35 generally provides for a credit against tax for any overpayment of tax, as set forth in section 6401. Section 6401(b)(1) provides that allowable credits in excess of tax liability constitute overpayments. Such overpayments may be applied to the estimated tax liability of the immediately succeeding tax year. Sec. 6402(b); *39 sec. 301.6402-3(a)(5), Proced. & Admin. Regs. Petitioner contends that she is not liable for the addition to tax imposed by section 6654, because she had $ 2,000 of withholding credits for the taxable year 1987, a $ 9,722.24 overpayment credit from the taxable year 1984, and a $ 3,100 overpayment credit from the taxable year 1985, which were available to be applied to her estimated tax for 1987. Respondent argues that petitioner had only $ 2,000 in withholding credits to apply to her estimated tax liability for the taxable year 1987. The remaining credits claimed by petitioner, according to respondent, were either applied to petitioner's tax liabilities in earlier taxable years, refunded to petitioner, or nonexistent. We agree with respondent. Respondent's determination is presumed correct, and petitioner bears the burden of proving otherwise. Rule 142(a); . Petitioner introduced no evidence to show the existence of a $ 9,722.24 overpayment credit from the taxable year 1984. To the contrary, the evidence shows that although petitioner had overpayments in each of the taxable years 1982 through 1984, $ 1,830.29 *40 was applied to petitioner's 1983 tax liability and the remaining overpayments were refunded in three separate checks. Although petitioner claims that she never received such refunds, she has failed to introduce any evidence of nonreceipt. Additionally, the parties stipulated that "Of the alleged overpayment of $ 9,722.24, $ 3,376.00 was refunded [on] October 27, 1986; and the $ 6,346.24 balance, which was an alleged transfer from 1983 to 1984, did not exist because of adjustments to 1983 which resulted in a refund of $ 4.80 on October 27, 1986." Also, the parties stipulated that any refund of the $ 3,100 overpayment from taxable year 1985 is barred by section 6511(a), because petitioner did not file a claim for refund within the applicable period of limitations. The period of limitations for a claim for refund set forth in section 6511(a) applies equally to a claim for credit. An overpayment may not be credited against estimated tax for a subsequent taxable year, unless the claim for credit itself was filed within the statutory period set forth in section 6511. , *41 affd. ; sec. 301.6402-2(a), Proced. & Admin. Regs. "The Court will not permit a party to a stipulation to qualify, change, or contradict a stipulation in whole or in part, except that it may do so where justice requires." Rule 91(e). Petitioner has not provided sufficient reasons why these stipulations should be set aside. Accordingly, we uphold respondent's determination that neither the $ 3,100 nor the $ 9,722.24 overpayment credits claimed by petitioner offset petitioner's tax liability for taxable year 1987. Our conclusion is further supported by section 6402(b), which grants the Secretary specific authority to prescribe regulations providing for the crediting against the estimated income tax for any taxable year of the amount determined by the taxpayer or the Secretary to be an overpayment of the income tax for a preceding taxable year. Enacted pursuant to this specific authority, section 301.6402-3(a)(5), Proced. & Admin. Regs., provides: A properly executed individual * * * income tax return * * * shall constitute a claim for refund or credit within the meaning of section 6402 and section 6511 for the amount *42 of the overpayment disclosed by such return * * *. For purposes of section 6511, such claim shall be considered as filed on the date on which such return * * * is considered as filed * * *. A return * * * shall constitute a claim for refund or credit if it contains a statement setting forth the amount determined as an overpayment and advising whether such amount shall be refunded to the taxpayer or shall be applied as a credit against the taxpayer's estimated income tax for the taxable year immediately succeeding the taxable year for which such return * * * is filed. If the taxpayer indicates on its return * * * that all or part of the overpayment shown by its return * * * is to be applied to its estimated income tax for its succeeding taxable year, such indication shall constitute an election to so apply such overpayment * * * and such amount shall be applied as a payment on account of the estimated income tax for such year or the installments thereof. [Emphasis added.]
Thus, to satisfy the terms of the regulation, a taxpayer must have properly executed an income tax return, and the return must contain a statement advising whether any overpayment shall be refunded or credited *43 against the taxpayer's estimated income tax. Even after these requirements are met, the overpayment may only be credited against the taxpayer's estimated income tax for the taxable year immediately succeeding the taxable year for which such return is filed. Petitioner had filed no returns (or any other claim for credit) for the taxable years 1985 and 1986 as of the date of the notice of deficiency. Thus, petitioner does not meet the above requirements with regard to any overpayments relating to taxable years 1985 and 1986, and petitioner cannot utilize any such alleged overpayments to offset her 1987 estimated tax liability. In petitioner's 1984 income tax return, which was filed September 19, 1986, petitioner made an election to apply her alleged overpayment for taxable year 1984 to her estimated tax for 1985. According to the plain language of section 301.6402-3(a)(5), Proced. & Admin. Regs., however, this election applies only to the taxable year immediately succeeding the taxable year for which such return is filed -- or 1985. It does not work to apply any excess overpayment to taxable years subsequent to 1985. Thus, petitioner may not utilize any alleged overpayment *44 relating to the taxable year 1984 to offset her 1987 estimated tax liability. Decision will be entered under Rule 155. Footnotes
1. 50 percent of the interest due on the deficiency.↩
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩